UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 006119-CR-ZLOCH (s)

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : |
| GREGORY PILLOCK, LAWRENCE LONDON, TERRILL MYERS, ERIK JOHNSON, ROD STIDHAM, and JOHN MINIX, | : |
| Defendants. | : |

**NIGHT BOX FILED**

AUG 1 0 2000

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

## UNITED STATES' FIRST SPEEDY TRIAL REPORT

Pursuant to Local Rule 88.5 of the United States District Court for the Southern District of Florida, the United States of America reports as follows:

Synopsis

1. On May 11, 2000, a grand jury sitting Fort Lauderdale, returned a true bill against the defendant. Compliance with the Speedy Trial Act commenced on that date. 18 U.S.C. § 3161(c)(1). Since that date, the government has determined that 25 days of non-excludable time have elapsed. By Order dated June 23, 2000, the Court held that the delay resulting from the date of the continuance, June 15, 2000, through and including August 14, 2000, the date set for trial, or the date trial commences, whichever is later, excludable time under 18 U.S.C. § 3161(h)(8).



Excludable Time

2. On May 16, 2000, defendants Stidham, Minix and Johnson made their initial appearances and defendant Johnson was arraigned.

3. On May 17, 2000, defendant Minix was arraigned.

4. On May 18, 2000, defendant London made his initial appearance and defendant Stidham was arraigned.

5. On May 23, 2000, defendant Pillock made his initial appearance and was arraigned.

6. On May 25, 2000, there was an Inquiry Re Counsel with respct to defendant London.

7. On May 31, 2000, there was a status conference with respect to defendant Johnson.

8. On June 1, 2000, defendants London and Moccia were arraigned.

9. On June 7, 2000, defendant Myers made his initial appearance, and there was a status conference with respect to defendants Pillock and Moccia.

10. On June 8, 2000, defendant Myers was arraigned.

11. On June 15, 2000, defendant Pillock served a Motion To Continue trial setting.

12. By Order dated June 23, 2000, the Court held that the delay resulting from the date of the continuance, June 15, 2000, through and including August 14, 2000, the date set for trial, or the date trial commences, whichever is later, excludable time under 18 U.S.C. § 3161(h)(8).

13. Accordingly, 35 days elapsed between May 11, 2000, and June 15, 2000. There were ten days of excludable time between May 11, 2000, and June 15, 2000.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 11 day of August, 2000 to:

Darryl Wilcox
Assistant Federal Public Defender
Office of the Federal Public Defender
101 N.E. 3rd Avenue
Suite 202
Fort Lauderdale, Florida 33301

Stuart Adelstein, Esquire
Adelstein & Matters
1435 South Miami Avenue
Miami, Florida 33130

Alvin E, Entin, Esquire
Entin, Margules & Della Fera, P.A.
200 East Broward Boulevard
Suite 1210
Fort Lauderdale, Florida 33301

Manuel Vazquez, Esquire
2655 LeJune Rd.; Suite 502
Coral Gables, Florida 33134

Herbert M. Cohen
200 Southeast Sixth Street; Suite 205
Fort Lauderdale, Florida 33301

Bruce H. Fleisher, Esquire
Law Offices of Bruce H. Fleisher, P.A.
2665 South Bayshore Drive
Suite 1206
Coconut Grove, Florida 33133

Bertha R. Mitrani
Assistant United States Attorney

Accordingly, 25 days have elapsed for purposes of the Speedy Trial Act.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____

Bertha R. Mitrani
Assistant United States Attorney
Florida Bar No. 88171
500 East Broward Boulevard
Fort Lauderdale, Florida
Tel: 954/356-7255
Fax: 954/356-7336