UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,           CASE NO. 00-6119-CR-ZLOCH

    Plaintiff,

v.

LAWRENCE LONDON,

    Defendant.
_____/

## DEFENDANT'S RESPONSE BY WAY OF EXCEPTIONS AND/OR OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT

COMES NOW the Defendant, LAWRENCE LONDON, by counsel, and files this, his exceptions and/or objections to his Presentence Investigation Report and states the following:

1. Defendant, LARRY LONDON states pursuant to paragraph 2 of the Presentence Investigation Report, that in open Court, upon changing his plea to Guilty to Count I of the Indictment, he gave a full disclosure and acceptance of responsibility for his actions and thereby is eligible for a three (3) point reduction.

2. Defendant, LARRY LONDON, objects to the portion of paragraph 20 of the Presentence Investigation Report where it refers to the meeting at Denny's Restaurant in Pompano Beach, Florida. LONDON states that he never met the named individuals at Denny's Restaurant, nor did he discuss the distribution of the marijuana with named individuals, in that during that meeting, although the Defendant went to the restaurant location, he remained outside in the truck, sleeping. He never entered the restaurant, nor did he participate in the discussions.

1

3. Defendant, LONDON, objects to the portion of paragraph 21 of the Presentence Investigation Report where it indicates that a Jamaican financed the operation and gave money to LONDON. LONDON states that he did not receive any money from a Jamaican, but that it was Pillock who rented and paid for the aircraft.

4. Defendant, LONDON, objects to paragraph 37 of the Presentence Investigation Report wherein it is suggested that he receive a three-level increase as an aggravating role adjustment for allegedly acting as a supervisor in the criminal activity. LONDON states that he was not a supervisor, but had previously known Pillock. Pillock had come to him while he was a fireman and threatened to disclose his criminal past to his present employers at the Swainsboro, Georgia airport if he did not fly for him. Although LONDON accepts responsibility for his participation as the pilot who picked up the marijuana bales in Jamaica and delivered them to Broward County, he objects to the assessment of being a supervisor. His role was solely as the pilot/transporter. Again, Defendant LONDON reiterates that he did not participate in any discussions inside the Denny's Restaurant after the load drop, as realleged in paragraph 37.

5. The Defendant objects to paragraph 48 of the Presentence Investigation Report and moves this Court to reduce his total sentencing points by the three (3) points added in paragraph 48 in that he was not a supervisor in this criminal activity. Defendant's position is that he was known by Pillock, that Pillock threatened to expose his criminal past if he did not fly for him, that Pillock rented and paid for

2

the airplane, and that Defendant, LONDON, did in fact, fly the plane and make the drop.

6. The Defendant takes exception to paragraph 53 of the Presentence Investigation Report. Defendant LONDON states that at his change of plea, this Court asked him detailed questions as to his involvement in this conspiracy to import and the actual importation of marijuana in to the United States via his airdrop, wherein Defendant LONDON gave detailed confession statements and admissions as to his participation, which he felt was part of his acceptance of responsibility. Defendant LONDON indicates that, had the probation officer, in her interview, asked him questions in that regard, he would have again reiterated the fact that he is responsible for picking up the marijuana in Jamaica via the aircraft, flying the marijuana to a point outside the territorial waters of the United States, wherein he assisted in dropping the marijuana out of the airplane. The marijuana was subsequently picked up by a boat and taken into Broward County, Florida. The Defendant takes complete responsibility for those actions, and as such, requests his three (3) point reduction for acceptance of responsibility.

7. In regard to paragraphs 57 and 58 of the Presentence Investigation Report, the Defendant states the following: That these incidents took place at a time when, "I was a crazy teenager from ages 13 to 25." The Defendant states that he had a mental disorder at that time compounded by LSD. During the 60's and 70's, he was involved with marijuana, alcohol and LSD. The incident took place some 22 years ago, the Defendant states that the went to prison and was committed to

    HRS. The Defendant states further that he is no longer the mentally disordered sex offender that he was 22 years ago. At present, he states that he has a family, a wife, two daughters and a grandson, and has never had any problems since then. He now leads a normal, proper life, working in charge of the airport in Swainsboro and also working as a fireman.

8. In reference to paragraph 89 of the Presentence Investigation Report, Defendant LONDON states that he did send three months of bank statements and three years of tax returns to Mr. Cooley and expects that they might not have been received at the time the Presentence Report was completed

9. The Defendant, in response to paragraph 98 of the Presentence Investigation Report, indicates that he sent to Mr. Cooley three payment schedules with names and numbers of individuals to verify that he has three mortgages on the aforementioned property

10. The Defendant's response to paragraph 104 of the Presentence Investigation Report would state that if the Court agrees with the Defendant's position regarding a three (3) point reduction for acceptance of Responsibility as well as deleting three (3) points which have been added for the Defendant being in a supervisory role, that would leave a total of 24 points in the criminal category of III, which calculates to a guideline range of 63-78 months.

  WHEREFORE the Defendant, LAWRENCE LONDON, files this response to his Presentence Investigation Report

Respectfully submitted,

HERBERT M. COHEN, ESQUIRE
Attorney for Defendant, Daniel Meisel
Florida Bar No. 258806
200 Southeast 6th Street, Suite 200
Fort Lauderdale, Florida 33301
(954) 766-8820

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by US Mail to Assistant United States Attorney Bertha Mitrani, Esq, 500 E. Broward Blvd., Suite 700, Ft. Lauderdale, FL 33394 and to Edward L. Cooley, U.S. Probation Officer, Federal Courthouse Building, 299 East Broward Boulevard, Room 409, Ft. Lauderdale, FL 33301, this ___ day of January, 2001.

HERBERT M. COHEN, ESQUIRE