**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**UNITED STATES OF AMERICA,**

Plaintiff,

CASE NO.:00-6119-CR-ZLOCH

v.

**LAWRENCE LONDON,**

Defendant.
_____/

## MOTION TO RELEASE APPEARANCE BOND AND COLLATERAL

COMES NOW the Defendant, **LAWRENCE LONDON,** by and through undersigned counsel and requests the release of the Appearance Bond and collateral posted in the above-styled case, as and for grounds states the following:

1. On May 9, 2000, LAWRENCE LONDON posted an Appearance Bond in the sum of one hundred thousand dollars ($100,000.00). Of that one hundred thousand dollars ($100,000.00), ten thousand dollars ($10,000.00) was deposited in cash and the remainder was secured by collateral, to-wit: a Promissory Note and Deed to Secure Debt in the sum of ninety thousand dollars ($90,000.00) against the Defendant's real property in Emanuel County, Georgia. A copy of the Appearance Bond, Promissory Note and Deed to Secure Debt have been attached to this Motion as Exhibits "A", "B", and "C" respectively.

2. The Defendant was sentenced by this Honorable Court on January 29, 2001 and shall surrender to the Bureau of Prisons on March 23, 2001.

3. The Defendant executed a Bond Assignment to undersigned counsel in the total amount of the cash deposited, to-wit, ten thousand dollars ($10,000.00). The

      original notarized assignment is attached to this Motion as Exhibit "D." There is an additional amount of accrued interest in the approximate sum of two hundred sixteen dollars ($216.00) which has not been assigned to the undersigned.

4. As the Defendant's case has now been resolved, the aforementioned assigned funds should be released to undersigned counsel, the Promissory Note and Deed to Secure Debt should be released, and the accrued interest returned to the Defendant.

WHEREFORE, the Defendant, through counsel, respectfully requests that the undersigned receive the ten thousand dollars which has been assigned to him, that the Deed to secure Debt and Promissory Note be released, and that the accrued interest be returned to the Defendant

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via U.S. Mail to Bertha R. Mitrani, Assistant U.S. Attorney, Office of the United States Attorney, 500 East Broward Blvd., Fort Lauderdale, Florida, 33394 this 7th day of February, 2001.

Respectfully submitted,

**HERBERT M. COHEN, ESQUIRE**
Florida Bar No. 258806
Attorney for Defendant
200 Southeast 6th Street, # 200
Fort Lauderdale, Florida 33301
(954) 766-8820

# United States District Court

__Southern__ DISTRICT OF __Georgia__

UNITED STATES OF AMERICA

V.

__Lawrence London__
Defendant

**APPEARANCE BOND**

CASE NUMBER: 00-34M-01

Non-surety: I, the undersigned defendant acknowledge that I and my ...
Surety: We, the undersigned, jointly and severally acknowledge that we and our ...
personal representatives, jointly and severally, are bound to pay to the United States of America the sum of
$ __100,000.00__, and there has been deposited in the Registry of the Court the sum of
$ __10,000.00__ in cash or + __property in Emanuel Cty__ (describe other security.)

The conditions of this bond are that the defendant __Lawrence London__ (name)
is to appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this court or any other United States district court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such a matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States district court having cognizance of the above entitled matter at the time of such breach and if the bond if forfeited and if the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States district court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

This bond is signed on __May 9, 2000__ at __Brunswick, GA__
                        Date                                Place
Defendant __Lawrence T. London__         Address __3605 Hwy. One North, Midville GA 30441__
Surety __Wanda L. London__              Address __3605 Hwy. 1 North, Midville, GA 30441__
                                                 __912-252-9729__
Surety. _____          Address _____

Signed and acknowledged before me on __May 9, 2000__
                                            Date

                                    __Lee A. LaVictoire__
                                    Judicial Officer/Clerk

Approved: _____
            Judicial Officer

EXHIBIT "A"

### FURTHER CONDITIONS OF BOND

It is a further condition of this bond that the defendant, _Laurence London_, comply with all of the conditions imposed by the Court in its Order Setting Conditions of Release. Among other things, that Order requires the defendant to comply with all laws and to refrain from using or possessing any illicit drugs. By signing this bond you certify that you are familiar with all of the conditions of the defendant's release and that you guarantee not only his appearance in this case but his compliance with all other conditions set by the Court.

_Laurence T London_          _5/9/00_
Defendant                     Date

_Wanda L. London_             _5/9/00_
Surety                        Date

_____     _____
Surety                        Date

Signed and acknowledged before me on _May 9, 2000_
                                        Date

                              _____
                              Judicial Officer/Clerk

**PROMISSORY NOTE**

GEORGIA, EMANUEL COUNTY                DATE: 5-8-2000

    FOR VALUE RECEIVED, We, LAWRENCE T. LONDON and WANDA L. LONDON, do hereby promise to pay to the order of THE UNITED STATES OF AMERICA, the sum of $90,000.00.

    It is agreed that time is the essence of this contract, and is given to assure the attendance of Lawrence T. London, as required under the terms of his bond given to the United States of America, and in the event of his failure to appear as required or upon failure of the obligor to comply with the other conditions and covenants contained in said bond or the instrument securing this note, and shall become payable upon the demand of the Clerk of the Court pursuant to an order of forfeiture from the Court.

    We waive any homestead or exemption rights against this debt, and constitute the holder of this note, as my attorney in fact in case of bankruptcy, to claim any and all homestead or exemptions as allowed by law, and do hereby transfer and assign to the holder of this note, any and all homestead and exemption rights to which we may be entitled, and we hereby direct any trustee in bankruptcy to transfer to said attorney in fact any homestead or exemption rights, and hereby authorize said attorney in fact to sell said homestead or exemption rights at public or private sale, with or without notice, and apply the proceeds of said sale first toward the payment of this note, and any balance to the party for whose benefit said homestead or exemption rights are set apart. We further waive demand, protest and notice of demand, protest and

EXHIBIT "B"

non-payment.

In the event of default in payment of this note, and if the same is collected by an attorney at law, we agree to pay all costs of collection, including 15% of the principal and interest as attorney's fees.

This note may be extended or the mode or manner of payment thereof may be changed upon mutual agreement without affecting the liabilities, or rights of any of the parties hereto.

_____
LAWRENCE T. LONDON

_____
WANDA L. LONDON

GEORGIA, EMANUEL COUNTY
CLERK'S OFFICE, SUPERIOR COURT
I hereby certify that this instrument is filed for
record in the Clerk's office, Superior Court, said
county at 3:30 o'clock ___May 8___ 20 00
& recorded in Deed book 143 page 609-610
this date May 8 20 00
_____
Dp. Clerk Superior Court

RETURN TO:
Robert S. Reeves
P.O. Box 1347
Swainsboro, Ga. 30401

### DEED TO SECURE DEBT

STATE OF GEORGIA:
County of Emanuel

THIS INDENTURE made this 8th day of May in the year of Our Lord Two Thousand (2000) between LAWRENCE T. LONDON and WANDA L. LONDON of the State of Georgia and County of Emanuel hereinafter called the "first party," and UNITED STATES OF AMERICA, hereinafter called the "second party,"

WITNESSETH: That the first party, for and in consideration of the sum of NINETY-THOUSAND AND NO/100 ($90,000.00) DOLLARS, in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, does by these presents, grant, bargain, sell, convey and confirm unto the second party, all that tract or parcel of land, lying and being in

TRACT ONE: All that tract, parcel or lot of land, with improvements thereon, lying, situate and being in the 1208th G.M. District of Emanuel County, Georgia, situate on U.S. Highway One and containing 3.116 acres, more or less, as shown on a plat prepared by Walter K. Maupin, Surveyor, dated January 24, 1992, and recorded in the Emanuel County Clerk's Records in Plat Book 15, Page 287, on February 13, 1992. Reference is hereby made to said plat for a more complete and accurate description as to the metes, bounds, courses, distances, dimensions and location of said property.

TRACT TWO: All that tract, parcel or lot of land, with improvements thereon, lying, situate and being in the 1208th G.M. District of Emanuel County, Georgia, designated as Parcel 2, containing 53.05 acres, more or less, as shown on a plat prepared by Walter K. Maupin, Surveyor, dated December 22, 1980, and recorded in the Emanuel County Clerk's Records in Plat Book 10, Page 627. Reference is hereby made to said plat for a more complete and accurate description as to the metes, bounds, courses, distances, dimensions and location of said property.

TRACT THREE: All that tract, parcel or lot of land, with improvements thereon, lying, situate and being in the 1208th G.M. District of Emanuel County, Georgia, designated as Parcel 1, containing 28.19 acres, more or less, as shown on a plat prepared by Walter K. Maupin, Surveyor, dated December 22, 1980, and recorded in the Emanuel County Clerk's Records in Plat Book 10, Page 627. Reference is hereby made to said plat for a more complete and accurate description as to the metes, bounds, courses, distance, dimensions and location of said property.

NOTE: IT IS THE INTENTION OF THE PARTIES TO CREATE A PERPETUAL OR INDEFINITE SECURITY INTEREST IN THE REAL PROPERTY DESCRIBED HEREIN PURSUANT TO O.C.G.A. §44-14-80(a)(2) AND TO AGREE THAT TITLE SHALL NOT REVERT TO THE GRANTORS HEREIN FOR A PERIOD OF 20 YEARS FROM THE DATE OF THIS CONVEYANCE.

TO HAVE AND TO HOLD the said bargained premises, together with all and singular the rights, members and appurtenances thereunto belonging or in any wise appertaining to every proper use, benefit and behoof of the second party forever in FEE SIMPLE;

And the first party will warrant and forever defend the right and title to the above described property unto the second party against the lawful claims and demands of all persons whomsoever.

THIS INSTRUMENT is intended by the parties hereto and is to be construed as a deed passing title, and is made under the provisions of the official Code of Georgia to secure the payment of a debt, evidenced by certain promissory notes executed this day by the said first party, and payable to the said second party, or order, and being further described as follows:

That certain note dated  5-8-2(00) in the amount of $90,000.00, and payable upon the demand of the Clerk of the court pursuant to an order of forfeiture from the court.

Together with such other notes as may be given in renewal or extension of any or all of the above described notes, as well as any and all other amounts now due or that may hereafter become due in any manner by the party of the first part to the party of the second part.

The above notes provide for the payment of all costs of collection, including 15 per cent of the principal and interest as attorney's fees.

The first party hereby covenants and agrees with the second party:

To keep the said property insured during the continuance of the loan and to pay the premiums of insurance when due; to pay all taxes on said property when the same fall due and before the levy or advertisement of any tax execution thereon; that if any payment is not promptly paid when the same becomes due (time being hereby expressly made of the essence) or should the first party fail to pay any insurance premium or the taxes as aforesaid, then the entire principal of said debt shall become due and payable at once if the second party shall so elect; that if the above debt or any part thereof, is not promptly paid at maturity, or if said first party shall fail to pay the insurance premiums and taxes as aforesaid then the said second party, or the second party's legal representative or assignee, immediate or remote, may, and by these present is authorized to sell at public outcry, before the courthouse door of the county in which said real estate is situated, in whole or in part, to the highest bidder for cash, all of said property to pay said principal with the interest thereon to the date of sale, and expenses of the proceeding, including 15 per cent attorney's fees, if incurred, on the amount of the principal and interest due, after advertising the time, place and terms of sale in any newspaper published in the county in which the sale of said real estate is to be made as aforesaid, once a week for four weeks prior to said date of sale, and it is hereby stipulated that the foregoing power of sale being coupled with an interest to the purchaser or purchasers of the said property good and sufficient titles in Fee-Simple thereto, thereby divesting out of the first party all right and equity that the first party may have in and to said property, and vesting the same in the purchaser or purchasers aforesaid. The proceeds of said sale are to be applied first tot he payment of said debt and interest, also all taxes and premiums of insurance that may have been paid on said property by the second party, and the expenses of said proceedings, the remainders, if any, to be paid to the first party. The party exercising this power of sale shall be authorized to proceed summarily to put the purchaser or purchasers in possession, the first party covenanting and agreeing to surrender the same without let or hindrance of any kind. The method of sale hereinbefore provided for shall be cumulative of other remedies allowed by law.

All agreements, covenants, duties, rights and powers herein made, imposed, granted or mentioned, which are binding upon or applicable to either or both of the parties hereto, shall also be binding upon and applicable to the heirs, legal representatives, successors and assigns of such party or parties.

IN WITNESS WHEREOF, The first party has signed, sealed and delivered these presents, the day and year first above written.

Signed, sealed and delivered in the presence of:

_____ (L.S.)
LAWRENCE T. LONDON

_____ (L.S.)
WANDA L. LONDON

_____ (L.S.)

N. P.
SEAL
Notary Public, Glynn County, Georgia
My Commission Expires January 21, 2003

The debt which this instrument was given to secure having been paid in full, this instrument is hereby canceled and the Clerk of the Superior Court of Emanuel County, Georgia, is hereby authorized and directed to mark it satisfied of record.

This _____ day of _____, 2000.

BOND ASSIGNMENT

STATE OF FLORIDA )
) SS:
COUNTY OF BROWARD )

The undersigned, _LAWRENCE London_ hereby assign(s) all rights, title, and interest, in the total sum of $_1,000.00_ dollars (bond #(P)_____, or collateral #(C) _Clerk of District Court_) currently being held by _United States District Court_ to Herbert M. Cohen as and for the case of ~~State of~~ _United States_ Florida vs. _Lawrence London_ which is pending in _Broward_ County, Florida.

_[signed] Lawrence London_
Depositor, LAWRENCE London

_____
Depositor,

SWORN TO AND SUBSCRIBED before me this _25th_ day of _January_, _2001_, by _Lawrence London_ who is personally known to me or produced _____ as identification and who did (~~did not~~) take an oath.

My commission expires:

_[signed]_
Notary Public
At Large

DEBORAH L. CROFT
MY COMMISSION # CC 612768
EXPIRES: May 6, 2001
Bonded Thru Notary Public Underwriters

EXHIBIT "D"