UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE-DIVISION

```
FILED by_____ D.C.
DKTG
AUG 2 0 2003
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.
```

UNITED STATES OF AMERICA,          )

     Plaintiff,          )

                 )

vs.          )          CRIMINAL ACTION

                 )          NO.: 00-619-CR-ZLOCH

LAWRENCE T. LONDON,          )          *6119*

     Defendant.          )

## DEFENDANT'S MOTION FOR PRODUCTION OF RULE 11 TRANSCRIPTS PURSUANT TO AND IN ACCORDANCE WITH 18 U.S.C. § 3006A

COMES NOW, Defendant, LAWRENCE T. LONDON, pro se, acting as his own counsel, who respectfully moves this Honorable Court for Order Authorizing the Production of Defendant's Fed.R.Crim.P.11 hearing transcripts pursuant to the Criminal Justice Act (CJA), 18 U.S.C. § 3006A, and shows in support thereof as follows:

### BACKGROUND

Defendant LONDON [hereinafter, "London"], entered a plea of guilt before the Court to the offense of conspiracy to import an amount of marijuana in violation of 21 U.S.C. § 846, and 21 U.S.C. § 963 respectively. Subsequently, Mr. London was sentenced to a 60 month term of imprisonment on January 26, 2001. Mr. London is presently incarcerated in the Federal Correctional Institution in Jesup, Georgia. On or about July 31, 2003, the Federal Aviation Administration [hereinafter, "the government"] served Mr. London

with notice of its intent to revoke London's pilot certificate to be effective August 8, 2003.[1]

Within its notice, the government advised Mr. London that he was afforded the right to pursue an administrative appeal of its decision to revoke, and thus, Mr. London perfected a timely notice of appeal on or about August 5, 2003, with the Office of Judges, National Transportation Safety Board (NTSB).

## STATEMENT OF FACT

In reaching its decision to revoke London's certificates of piloting and instruction, the government referenced the fact that London sustained a predicate conviction under 21 U.S.C. § 846, and 21 U.S.C. § 963.  The government further concluded that London used an aircraft in furtherance of the conspiracy to importation offense.

As a prophylactic measure, Mr. London filed notice of appeal on or about August 5, 2003, for purposes of preserving his right to appeal the government's administrative decision.  Additionally, London wishes to use the pendency of the appellate process so that he may discern for himself whether an appeal would likely be one that recovers his certificates.

Without addressing the relative strengths or weaknesses of the government's order of revocation, London points out that, although he plead guilty to a section 846 offense, this in and of itself, falls short of satisfying 49 U.S.C. § 44710, which provides in part:

---

1  Notice was effectuated via certified return receipt mail.

**(2)**    the Administrator shall issue an order revoking an airman certificate issued an individual under section 44703 of this title if the Administrator finds that—

**(A)**    the individual knowingly carried out an activity punishable, under law of the United States or a State related to a control substance (except a law related to a simple control substance) by death or imprisonment for more than one year;

**(B)**    an aircraft was used to carry out or facilitate the activity; and

**(C)**    the individual served as airman, or was on the aircraft, in connection with carrying out, or facilitating the carrying out of, the activity.

Id.

Indeed, the government must not only demonstrate that London violated a controlled substance law of the United States, or one of a sovereign State, the government must also sufficiently show that London used an aircraft in furtherance of the conspiracy for which he was convicted -- either as an airman, or passenger.

Mr. London contends that the Rule 11 colloquy pertinent to his conviction may support or refute the government's basis upon which the revocation was made. To this extent, the Rule 11 transcripts will unequivocally show whether London acquiesced to his use of an aircraft in furtherance of the offense of conviction. Perusal of the government's order of revocation clearly shows that aircraft use is merely referenced as a predicate fact; however, the order fails to elucidate what portion of official record the government relied upon in reaching this conclusion. [See Revocation Order of July 31, 2003, attached hereto]. Thus, for the sake of meaningful appellate review, London seeks production of the Rule 11 colloquy.

-3-

## MEMORANDUM OF LAW AND POINTS OF AUTHORITY

It is well settled that an indigent criminal defendant is entitled to transcripts of prior proceedings, at the government's expense, if it is reasonably necessary to present an effective or sufficient defense at a subsequent proceeding.  This right is both statutory, 18 U.S.C. § 3006A(3)(1), and constitutional, Britt v. North Carolina, 404 U.S. 226, 92 S.Ct. 431, 30 L. Ed. 2d 400 (1971); see also Bounds v. Smith, 430 U.S. 817, 822, 97 S.Ct. 1491 52 L. Ed. 2d 72 (1977).  As noted in Justice Marshall's opinion in Bounds:

> "[t]he only cases that have rejected indigent
> defendant's claims to transcripts have done
> so either because an adequate alternative
> was available but not used, . . . or . . .
> the request was plainly frivolous and a prior
> opportunity to obtain a transcript was waived."

Id., at 52 L. Ed. 2d 79, n. 8.

Here, it cannot be said that an "adequate alternative" is or was available, nor can it be said that London's request is plainly frivolous.  Because it is established that prisoners like London enjoy a constitutional right to access the courts, Ex parte Hill, 312 U.S. 546, 85 L. Ed 1034, 61 S.Ct. 640 (1941), adequate and effective appellate review is impossible without transcribed parts of the pertinent record.  See Griffin v. Illinois, 351 U.S. 12, 20 100 L. Ed. 891, 76 S.Ct. 585, 55 ALR2d 1055 (1956).

Without transcripts of London's Fed.R.Crim.P.11 hearing, he will be precluded from definitively discerning whether revocation was lawful under section 44710.  Conversely, should the colloquy

-4-

reveal that London's conspiracy conviction was premised upon his use of an aircraft within the meaning of Title 49, withdrawing his administrative appeal -- conceding the revocation, and sparing the government of its administrative costs in processing an appeal would be a practical response.[2]

Requisite to obtaining transcripts at government expense, a defendant must demonstrate that he is truly indigent. London is a federal inmate and not gainfully employed. Incidental to confinement, London is required by the Bureau of Prisons (BOP) to labor on an institutional work-detail. Although London's work-detail remits a monthly gratuity of approximately forty ($40) dollars, an inmate like London, is expected to provide for the following:

(a)   costs associated with personal hygiene items;

(b)   costs associated with postage stamps;

(c)   costs associated with pre-paid telephone calls;

(d)   costs associated with XEROX copying at .10¢ a copy;

(e)   costs associated with affording typewriter ribbons;

(f)   costs associated with tennis shoes, athletic-wear;

(g)   costs associated with laundry detergent.

Juxtaposing London's prison earnings and expenses alongside a six month inmate account balance statement,[attached hereto] it is clear beyond all doubt that London is indigent for purposes of 18 U.S.C. § 3006(A).

_____

2  This is of course, assuming that London is unable to change the course of revocation despite government agents having advised him that his pilot license would be unaffected by a guilty plea.

## CONCLUSION

For the foregoing reasons, this Court should GRANT London's request
for the production of transcripts, and all other relief deemed as
being appropriate under the circumstances of this case.

Respectfully submitted,

this /4/ day of August, 2003.

LAWRENCE T. LONDON, pro se
Jesup FCI
2680 Highway 301 South
Jesup, Georgia  31599

–6–

## Inmate Inquiry



| | | | |
|---|---|---|---|
| Inmate Reg #: | 10389021 | Current Institution: | Jesup FCI |
| Inmate Name: | LONDON, LAWRENCE | Housing Unit: | C |
| Report Date: | 08/12/2003 | Living Quarters: | C07-700L |
| Report Time: | 3:44:05 PM | | |

General Information | Account Balances | Commissary History | Commissary Restrictions | Comments

# General Information

| | |
|---|---|
| Administrative Hold Indicator: | No |
| No Power of Attorney: | No |
| Never Waive NSF Fee: | No |
| Max Allowed Deduction %: | 100 |
| PIN: | 8687 |
| FRP Participation Status: | Completed |
| Arrived From: | |
| Transferred To: | |
| Account Creation Date: | 8/8/2001 |
| Local Account Activation Date: | 7/1/1991 |
| Sort Codes: | |
| Last Account Update: | 8/11/2003 5:20:11 PM |
| Account Status: | Active |
| ITS Balance: | $3.07 |

**FRP Plan Information**

| FRP Plan Type | Expected Amount | Expected Rate |
|---|---|---|

# Account Balances

| | |
|---|---|
| Account Balance: | $62.24 |
| Pre-Release Balance: | $0.00 |
| Debt Encumbrance: | $0.00 |
| SPO Encumbrance: | $0.00 |

| | |
|---|---|
| Other Encumbrances: | $0.00 |
| Outstanding Negotiable Instruments: | $0.00 |
| Administrative Hold Balance: | $0.00 |
| Available Balance: | $62.24 |
| National 6 Months Deposits: | $223.90 |
| National 6 Months Withdrawals: | $161.66 |
| National 6 Months Avg Daily Balance: | $40.02 |
| Local Max. Balance - Prev. 30 Days: | $68.24 |

# Commissary History

### Purchases

| | |
|---|---|
| Validation Period Purchases: | $7.35 |
| YTD Purchases: | $126.66 |

### SPO Information

| | |
|---|---|
| SPO's this Month: | 0 |
| SPO $ this Quarter: | $0.00 |
| Last Sales Date: | 7/30/2003 10:43:35 AM |

### Spending Limit Info

| | |
|---|---|
| Spending Limit Override: | No |
| Weekly Revalidation: | No |
| Spending Limit: | $290.00 |
| Expended Spending Limit: | $7.35 |
| Remaining Spending Limit: | $282.65 |

# Commissary Restrictions

**Spending Limit Restrictions**

|  |  |
|---|---|
| Restricted Spending Limit: | $0.00 |
| Restricted Expended Amount: | $0.00 |
| Restricted Remaining Spending Limit: | $0.00 |
| Restriction Start Date: | |
| Restriction End Date: | |

**Item Restrictions**

| List Name | List Type | Start Date | End Date | Userid | Active |
|---|---|---|---|---|---|

# Comments

Comments:

## CERTIFICATE OF SERVICE

This shall certify that a true and correct copy of Defendant's Motion for Production of Transcripts was duly served upon the named parties herebelow by placing same in the U.S. Mail with first class postage prepaid this _____ day of August, 2003:

William Keefer, U.S. Attorney

Southern District of Florida

299 E. Broward Blvd.

Fort Lauderdale, FL   33301


Gayle Fuller

Managing Attorney

Office of the Regional Counsel

U.S. Department of Transportation

Federal Aviation Administration

P.O. BOx 20636

Atlanta, Georgia   30320


I, LAWRENCE LONDON, hereby affirm under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.

LAWRENCE LONDON, pro se


-7-